UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FELIPE S., | No. 1:18-CV-03184-JTR |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |
| v. | |
| ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY,[1] | |
| Defendant. | |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF Nos. 17, 19. Attorney D. James Tree represents Felipe S. (Plaintiff); Special Assistant United States Attorney Jeffrey R. McClain represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 4. After reviewing the administrative record and the

[1]Andrew M. Saul is now the Commissioner of the Social Security Administration. Accordingly, the Court substitutes Andrew M. Saul as the Defendant and directs the Clerk to update the docket sheet. *See* Fed. R. Civ. P. 25(d).

ORDER GRANTING PLAINTIFF'S MOTION - 1

briefs filed by the parties, the Court **GRANTS, in part,** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. §§ 405(g), 1383(c).

## JURISDICTION

Plaintiff filed applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) on October 20, 2014, Tr. 99-100, alleging disability since September 20, 2008, Tr. 252, 254. The applications were denied initially and upon reconsideration. Tr. 147-67. Administrative Law Judge (ALJ) Kimberly Boyce held a hearing on June 1, 2017 and heard testimony from Plaintiff and vocational expert Kelly Hember.[2] Tr. 58-98. The ALJ issued an unfavorable decision on November 1, 2017. Tr. 28-41. The Appeals Council denied review on July 16, 2018. Tr. 1-4. The ALJ's November 1, 2017 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. §§ 405(g), 1383(c). Plaintiff filed this action for judicial review on September 18, 2018. ECF No. 1.

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. They are only briefly summarized here.

Plaintiff was 47 years old at the alleged date of onset. Tr. 252. Plaintiff completed his GED. Tr. 542. He reported chronic anxiety and depression as

---

[2]Throughout the June 1, 2017 hearing, the ALJ and Plaintiff's counsel referred to a previous hearing and relied on statements from that hearing being made a part of the record. Tr. 61, 63, 92. The record includes a Notice of Hearing for May 22, 2017. Tr. 194. However, there is no transcript from this hearing in the record before the Court.

impairments that prevented him from working.  Tr. 285.  He attempted working after the alleged date of onset, but reported he "was unable to keep [the] position" due to his mental health impairments.  Tr. 280.

## STANDARD OF REVIEW

The ALJ is responsible for evaluating witness statements, resolving conflicts in medical testimony, and resolving ambiguities.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The Court reviews the ALJ's determinations of law de novo, deferring to a reasonable interpretation of the statutes.  *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).  The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error.  *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance.  *Id*. at 1098.  Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097.  If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive.  *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).  Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.  *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled.  20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).  In steps one through four, the burden of proof rests upon the claimant to establish a prima facie

case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This burden is met once the claimant establishes that physical or mental impairments prevent him from engaging in his previous occupations. 20 C.F.R. §§ 404.1520(a), 416.920(a)(4). If the claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work, and (2) the claimant can perform specific jobs which exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If the claimant cannot make an adjustment to other work in the national economy, he is found "disabled". 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On November 1, 2017, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act from September 20, 2008 through the date of the decision.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since September 20, 2008, the alleged date of onset. Tr. 30.

At step two, the ALJ determined that Plaintiff had the following severe impairments: depression; posttraumatic stress disorder; personality disorder; and substance addiction disorder. Tr. 31.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 31.

At step four, the ALJ assessed Plaintiff's residual function capacity and determined he could perform work at all exertional levels with the following limitations:

> In order to meet ordinary and reasonable employer expectations regarding attendance, production and work place behavior, the claimant can understand, remember and carry out unskilled, routine and

repetitive work that can be learned by demonstration, and in which tasks to be performed are predetermined by the employer. He can cope with occasional work setting change and occasional interaction with supervisors, can work in proximity to coworkers, but not in a team or cooperative effort. The claimant can perform work that does not require interaction with the general public as an essential element of the job, but occasional incidental contact with the general public is not precluded.

Tr. 33. The ALJ identified Plaintiff's past relevant work as telephone maintenance mechanic and found that he could not perform this past relevant work. Tr. 40.

At step five, the ALJ determined that, considering Plaintiff's age, education, work experience and residual functional capacity, and based on the testimony of the vocational expert, there were other jobs that exist in significant numbers in the national economy Plaintiff could perform, including the jobs of industrial sweeper/cleaner, "laborer, stores," and conveyor feeder offbearer. Tr. 40-41. The ALJ concluded Plaintiff was not under a disability within the meaning of the Social Security Act from September 20, 2008, through the date of the ALJ's decision. Tr. 41.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff first argues that the Appeals Council failed to properly consider the evidence submitted following the hearing. ECF No. 17 at 5-8. Plaintiff then argued that the ALJ erred by failing to properly address the opinion evidence and failing to properly weigh Plaintiff's symptom statements. *Id*. at 8-21.

## DISCUSSION

### 1. Evidence Submitted to Appeals Council

Plaintiff argues that the Appeals Council failed to consider or exhibit new evidence that was submitted following the ALJ's unfavorable decision. ECF No. 17 at 5-8.

The Appeals Council will only consider additional evidence if the claimant shows good cause for not submitting the evidence prior to the ALJ hearing. 20 C.F.R. §§ 404.970(b); 416.1470(b). Specifically, "the Appeals Council receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. §§ 404.970(a)(5); 416.1470(a)(5).

"[W]hen a claimant submits evidence for the first time to the Appeals Council, which considers that evidence in denying review of the ALJ's decision, the new evidence is part of the administrative record, which the district court must consider in determining whether the Commissioner's decision is supported by substantial evidence." *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1159-60 (9th Cir. 2012). "Where the Appeals Council was required to consider additional evidence, but failed to do so, remand to the ALJ is appropriate so that the ALJ can reconsider its decision in light of the additional evidence." *Taylor v. Comm'r*, 659 F.3d 1228, 1233 (9th Cir. 2011). When considering the new evidence, the district court first determines whether the Appeals Council was required to consider the new evidence. *See id*. at 1231.

Plaintiff submitted multiple records to the Appeals Council following the unfavorable ALJ decision, including three opinions from Nora Marks, Ph.D. dated January 9, 2015, January 16, 2016, and December 6, 2017. Tr. 20-24, 48-57.

A.    **January 9, 2015 Examination**

Following a January 9, 2015 examination, Dr. Marks opined that Plaintiff had a severe limitation in the abilities to maintain appropriate behavior in a work setting and set realistic goals and plan independently. Tr. 55. She also opined that Plaintiff had an additional four marked limitations and six moderate limitations in basic work activities. *Id*.

This opinion was a part of the record prior to the ALJ's hearing. Tr. 757-61,

773-77.  The ALJ addressed it in detail in her decision and assigned it little weight. Tr. 38.  Therefore, the Appeals Council did not need to address this opinion when denying Plaintiff's request for review.

**B.    January 16, 2016 Examination**

The Appeals Council was required to address the January 16, 2016 examination.  Following the examination, Dr. Marks provided the same functional opinion as in January 2015.  Tr. 50.

While the opinion predated the ALJ's hearing, it was not submitted until after the ALJ's decision.  At the June 1, 2017 hearing the ALJ inquired whether the record was complete to the best of counsel's knowledge.  Tr. 61.  Counsel responded with "I believe it is with the caveats or whatever that I put on the record at our last hearing, yes." *Id*.  The transcript from this earlier hearing is absent from the record.  Therefore, the Court cannot determine if Plaintiff notified the ALJ of the missing evidence that was later submitted to the Appeals Council in accord with 20 C.F.R. §§ 404.935(a); 416.1435(a) (requiring the claimant to notify the ALJ of all evidence five days prior to the hearing).  Because of this, the Court cannot determine whether Plaintiff was required to meet the good cause standard set forth in 20 C.F.R. §§ 404.970(b); 416.1470(b) for the late submission of the opinion.

However, this opinion is new and material as it addresses a period prior to the ALJ's decision.  The Appeals Council did not exhibit the evidence because it did not show a reasonable probability that it would change the outcome of the decision. Tr. 2.  This Court joins others in finding that it is not clear how the Appeals Council determined that the new evidence would not impact the outcome while simultaneously not considering it and not associating it with the record. *McLaughlin v. Saul*, No. 1:18-cv-00967-SKO, 2019 WL 3202806, at *5 (E.D. Cal. July 16, 2019) *citing Deliny S. v. Berryhill*, No. CV 17-06328-DFM, 2019 WL 1259410, at *1 (C.D. Cal. Mar. 19, 2019) and *Mayeda-Williams v. Comm'r of Soc.*

*Sec. Admin.*, No. 18-0009-HRH, 2019 WL 157918, at *5 (D. Ak. Jan. 10, 2019); *Lena J. v. Comm'r of Soc. Sec. Admin.*, No. C18-6007-RLB-BAT, 2019 WL 3291039, at *3 (W.D. Wash. July 1, 2019). Therefore, the Appeals Council erred in failing to associate the evaluation with the record.

The Court acknowledges that the entire evaluation and opinion is identical to the January 9, 2015 examination except the signature line has a new evaluation date and signature date. Tr. 78-52. However, because the Appeals Council was also required to consider the opinion following the December 6, 2017 examination, *see infra.*, the Court refers any factual finding regarding the identical evaluations to the ALJ on remand.

## C. December 6, 2017 Examination

The Appeals Council was also required to consider Dr. Marks' December 15, 2017 opinion. *See* Tr. 20-24. This opinion was penned on December 15, 2017 following the December 6, 2017 examination, which was just over a month after the ALJ's decision. Therefore, there was no requirement that Plaintiff demonstrate good cause for submitting the evidence under 20 C.F.R. §§ 404.935(a); 416.1435(a). Plaintiff was required to submit the evidence in accord with 20 C.F.R. §§ 404.1512(a); 416.912, which requires that a claimant inform the agency or submit all evidence known to the claimant regarding whether or not he is disabled:

> This duty is ongoing and requires you to disclose any additional related evidence about which you become aware. This duty applies at each level of the administrative review process, including the Appeals Council level if the evidence relates to the period on or before the date of the administrative law judge hearing decision.

20 C.F.R. §§ 404.1512(a); 416.912(a). Here, the evaluation took place after the ALJ's decision, but it was related to the period on or before the date of the ALJ's November 1, 2017 decision as required under 20 C.F.R. §§ 404.1512(a);

416.912(a).  Dr. Marks compared Plaintiff's evaluation as of December 6, 2017 to his prior evaluation, which predated the ALJ's decision.  *See* Tr. 20-22 (first stating Dr. Marks' prior observations then the current observations).  Dr. Marks stated that "He was too agitated and depressed, angry and irritable to complete any self-assessments.  His conditions are worsening.  Trauma-based anxiety will be added to his diagnoses."  Tr. 22.  Therefore, this evaluation shows disease progression that can be attributed to the period prior to the ALJ's decision.  *See Smith v. Bowen*, 849 F.2d 1222, 1225 (9th Cir. 1988) ("reports containing observations made after the period for disability are relevant to assess the claimant's disability," and "medical reports are inevitably rendered retrospectively and should not be disregarded solely on that basis.").  Therefore, the Appeals Council should have considered the evidence.

The Appeals Council should have addressed the opinion, and the failure to do so justifies a remand.  *See Taylor*, 659 F.3d at 1233.  Upon remand, the ALJ will also address the remaining evidence submitted to the Appeals Council, including records from Thomas Jenkins, PA-C dated December 15, 2017 and records from the State of Washington Department of Social and Health Services dated December 18, 2017.  Tr. 2.

**2.    Opinion Evidence**

Plaintiff argues that the ALJ failed to properly consider and weigh the opinions expressed by Nora Marks, Ph.D., Manuel Gomes, Ph.D., Daniel M. Neims, Psy.D., Ana Zapien, B.A., and the Washington Division of Vocational Rehabilitation.  ECF No. 17 at 8-17.

In weighing medical source opinions, the ALJ should distinguish between three different types of physicians: (1) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and, (3) nonexamining physicians who neither treat nor examine the claimant.  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).  The ALJ should give more

weight to the opinion of a treating physician than to the opinion of an examining physician. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). Likewise, the ALJ should give more weight to the opinion of an examining physician than to the opinion of a nonexamining physician. *Id.*

When an examining physician's opinion is not contradicted by another physician, the ALJ may reject the opinion only for "clear and convincing" reasons, and when an examining physician's opinion is contradicted by another physician, the ALJ is required to provide "specific and legitimate reasons" to reject the opinion. *Lester*, 81 F.3d at 830-31.

## A. Nora Marks, Ph.D.

The ALJ addressed Dr. Marks' opinion following the January 9, 2015 examination and assigned it little weight for four reasons: (1) Dr. Marks did not review any records; (2) Plaintiff's statements during the evaluation were inconsistent with his treatment records; (3) Dr. Marks relied on Plaintiff's subjective statements; and (4) the opined severity was inconsistent with Plaintiff's activities, minimal psychiatric observations, and performance on the mental status examinations. Tr. 38-39.

Dr. Marks is an examining psychologist who administered the Beck Anxiety Inventory, the Beck Depression Inventory, and a Mental Status Examination. Tr. 758, 760-61. The opinion following the January 9, 2015 examination is only the first of three opinions in the record. Considering the case is being remanded for the ALJ to address her other two opinions, the ALJ will also address this initial opinion.

## B. Daniel M. Neims, Psy.D.

Plaintiff also challenged the ALJ's treatment of the opinion of Dr. Neims. ECF No. 17 at 14-15.

Dr. Neims completed a Review of Medical Evidence form for the Washington Department of Social & Health Services on January 24, 2015. Tr.

644-45. He found that the diagnoses identified by Dr. Marks were only partially supported by the objective medical evidence and that the severity and functional limitations were not supported by available medical evidence. Tr. 644. He opined that the overall medical evidence only supported an eight-month duration. Tr. 645.

The ALJ gave this opinion little weight because it was based on the January 9, 2015 examination by Dr. Marks and the resulting opinion. Tr. 39. Dr. Neims only reviewed Dr. Marks' January 9, 2015 evaluation. Tr. 644. However, since the ALJ is instructed to readdress all of Dr. Marks' opinions in record, she will also readdress Dr. Neims' opinion.

**C.    Manuel Gomes, Ph.D.**

Plaintiff challenged the ALJ's treatment of Dr. Gomes' opinion. ECF No. 17 at 13-14.

On August 14, 2015, Dr. Gomes completed a consultative examination at the request of the Social Security Administration. Tr. 765-72. Dr. Gomes went through eight mental functional abilities and summarized Plaintiff's statements regarding each functional limitation. Tr. 771-72.

The ALJ assigned the evaluation partial weight noting that Dr. Gomes simply "described the claimant's subjective statements when assessing the claimant's abilities, which are not fully consistent with the medical evidence of the record," but that "nothing [in] his opinion indicates the claimant is more significantly limited than I have concluded in the above residual functional capacity." Tr. 38. Since the case is being remanded for additional proceedings to address the other opinions in the record, the ALJ will readdress Dr. Gomes' evaluation.

**D.    Ana Zapien, B.A.**

In April of 2016, Ms. Zapien completed an Outpatient Service Reauthorization form in which she stated that Plaintiff's "symptoms interfere with him being able to sustain a job." Tr. 919. The ALJ did not address Ms. Zapien's

statement in her decisions. Tr. 28-41. Plaintiff argues that this failure to address the opinion was an error. ECF No. 17 at 15.

Ms. Zapien does not qualify as an acceptable medical source. 20 C.F.R. §§ 404.1502, 416.902. However, lay witness testimony is "competent evidence" as to "how an impairment affects [a claimant's] ability to work." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050 (9th Cir. 2006); *see also Dodrill v. Shalala*, 12 F.3d 915, 918-19 (9th Cir. 1993). An ALJ must give "germane" reasons to discount evidence from these "other sources." *Dodrill*, 12 F.3d at 919.

Here, the ALJ failed to provide any reason, germane or otherwise, for not adopting Ms. Zapien's statement. Therefore, the ALJ will address Ms. Zapien's statement on remand.

**E. Division of Vocational Rehabilitation**

In March 2013, the Division of Vocational Rehabilitation (DVR) completed a Case Narrative form addressing Plaintiff's work tolerance, communication, and interpersonal abilities. Tr. 588-96. The ALJ assigned the functional limitations little weight because DVR used different criteria for its findings and the form was not signed by the evaluators. Tr. 39.

A determination made by another government agency regarding whether or not a claimant is disabled is not binding on the ALJ. 20 C.F.R. §§ 404.1504; 416.904. The Social Security Program Operations Manual System states:

> We consider evidence of decisions by other governmental agencies and nongovernmental entities as evidence from a nonmedical source. We also consider all of the supporting evidence underlying the other governmental agency or nongovernmental entity's decision that we receive according to the appropriate category of evidence in DI 24503.005 Categories of Evidence. We are not required to adopt a decision by any other governmental agency or a nongovernmental entity.

POMS DI 24503.45. For claims filed before March 27, 2017, the ALJ is required

to explain the consideration given to such decisions.  *Id*.  Therefore, upon remand, the ALJ will further address the DVR determination and the underlying evidence that was considered in forming that determination.

**3.     Plaintiff's Symptom Statements**

Plaintiff contests the ALJ's determination that Plaintiff's symptom statements were unreliable.  ECF No. 17 at 17-21.

It is generally the province of the ALJ to make determinations regarding the reliability of Plaintiff's symptom statements,  *Andrews*, 53 F.3d at 1039, but the ALJ's findings must be supported by specific cogent reasons, *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990).  Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester*, 81 F.3d at 834.  "General findings are insufficient:  rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834.

The evaluation of a claimant's symptom statements and their resulting limitations relies, in part, on the assessment of the medical evidence. *See* 20 C.F.R. §§ 404.1529(c); 416.929(c); S.S.R. 16-3p.  Therefore, in light of the case being remanded for the ALJ to address the additional medical evidence submitted to the Appeals Council and readdress the opinions in the record, a new assessment of Plaintiff's subjective symptom statements will be necessary.

**REMEDY**

Plaintiff asks the Court to apply the credit-as-true rule and remand this case for an immediate award of benefits.  ECF Nos. 17 at 21.

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989).  Under the credit-as-true rule, where (1) the record has been fully developed and further administrative proceedings would

serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand, the Court remands for an award of benefits. *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017). But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

In this case, the additional medical evidence submitted to the Appeals Council and the missing hearing transcript reveals that the administrative record is not fully developed. Therefore, a remand for additional proceedings is appropriate. The Commissioner will (1) exhibit all the evidence submitted to the Appeals Council, (2) supplement the record with any additional outstanding medical evidence, (3) locate the missing hearing transcript and make it a part of the record if it is available, (4) readdress the opinion evidence in light of the record as a whole, and (5) make a new determination regarding the reliability of Plaintiff's symptom statements considering the record as a whole.

## CONCLUSION

Accordingly, **IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 19**, is **DENIED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 17**, is **GRANTED, in part,** and the matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

3. Application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy

1  to counsel for Plaintiff and Defendant.  **Judgment shall be entered for Plaintiff**

2  and the file shall be **CLOSED**.

3      DATED November 19, 2019.



   _____

   JOHN T. RODGERS
   UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING PLAINTIFF'S MOTION - 15